Ralph J. KRAUT, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 69-C-270.

United States District Court,
E. D. Wisconsin.

Aug. 13, 1970.

Edgarton & Hobbs, Fond du Lac, Wis., for plaintiff.

David J. Cannon, U. S. Atty., Johnnie M. Walters, Donald R. Anderson, Thomas R. Jones, Attys., Dept. of Justice, for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

In this action the plaintiff seeks a refund of federal income taxes. The parties have agreed that the court may reach its decision upon stipulated facts and upon the briefs which both sides have filed.

The issue to be determined is whether Mr. Kraut's transfer of certain securities to his wife in connection with their divorce case resulted in taxable gain to him.

The stipulated facts show that Mr. Kraut purchased the shares of stock in question at various times subsequent to the marriage and before the commencement of the divorce action. The common stocks in question were not jointly-owned, but, instead, were purchased by Mr. Kraut in his sole name.

The judgment of divorce was entered in the state court on February 2, 1962. It granted an absolute divorce and approved a property settlement entered into between the husband and the wife. Paragraph 8 of such agreement provided as follows:

"The following shares of common stock now in the name of the plaintiff shall be awarded to the defendant to become her sole and absolute property: * * *."

Thereafter were listed the shares of stock in question.

The property settlement also provided for payment of alimony on a monthly basis by the husband to Mrs. Kraut. In paragraph 4(g), the judgment of divorce provided as follows:

"That the provisions of said Stipulation in respect to the alimony to be paid by the plaintiff and in respect to securing the payment thereof shall be subject to such changes as may hereafter be made by this Court, and until so changed by order of this Court the plaintiff is ordered and directed to make payment of alimony or cause the same to be made in accordance with the provisions of said stipulation."

The court also has before it a trust agreement and an amended trust agreement which the parties have stipulated were executed to insure the payment of future alimony.

In his 1962 federal income tax return, Mr. Kraut did not report any taxable gain allegedly received by him in connection with the change of ownership of the shares of stock in question. In 1965, a deficiency was assessed against him in the sum of $8710.02, which includes interest.

Mr. Kraut urges that the award of the shares of stock to Mrs. Kraut in the property settlement and in the judgment of divorce was not a taxable event because Mrs. Kraut continued to retain her marital right to alimony. This factor, he contends, distinguishes the instant case from United States v. Davis, 370 U.S. 65, 82 S.Ct. 1190, 8 L. Ed.2d 335 (1962).

The plaintiff also relies upon Department of Taxation v. Siegman, 24 Wis. 2d 92, 128 N.W.2d 658 (1964), wherein the supreme court of Wisconsin noted that under Wisconsin law a trial court has the power to provide for both alimony and the division of estate.

Sections 1001(a) and (b), Internal Revenue Code of 1954, as contained in 26 U.S.C., provide that the computation and realization of gain shall be "from the sale or other disposition of property * * *." Under that statutory language, I find that the award of Mr. Kraut's shares in connection with his divorce resulted in taxable gain to him.

The plaintiff acknowledges that this does not involve a division of jointly-owned property or co-owned property. It was a transfer made in connection with a property settlement in a divorce action and, therefore, in my opinion, was supported by a consideration from Mrs. Kraut, notwithstanding the fact that it did not involve the entire surrender of her marital rights. Even if her right to alimony continued pursuant to the property settlement and

the judgment of divorce, the transfer of these shares to her was made to compensate her for the loss of certain rights garnered by her during approximately 30 years of marriage.

In my opinion, the state court's decision in *Siegman* does not control here, because the case at bar involves federal taxes. In its conclusion, the state court, at page 106, 128 N.W.2d at page 666, said:

"Because of the difficulty in assessing the economic benefit conferred upon the taxpayer in this context, we conclude that the legislature did not intend the transfer of appreciated property, as an incident of a property settlement, to be a taxable event within the meaning of sec. 71.03(1) (g), Stats."

Insofar as the Wisconsin court was interpreting the state legislature's intent in adopting the state tax law, the holding does not cover the matter now before the court. If the state court had adopted a rule which made the stocks in question subject to some type of joint ownership, this court would be obliged to heed such ruling in applying the federal tax laws. However, in *Siegman*, the court was considering property which was admittedly joint, and the court based its conclusion upon its interpretation of a state tax statute.

I conclude that the award of the stocks to Mrs. Kraut represented a taxable event to Mr. Kraut, and that the gain chargeable to Mr. Kraut is measurable by the difference between his cost and the market value of the stocks in question at the time of their transfer.

Now, therefore, it is ordered that the defendant is entitled to judgment dismissing the plaintiff's complaint.